# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE ARTURO LOPEZ, et al. ) | CIVIL ACTION NO: 08-1989 (RMU) |
| ) | |
| *Plaintiffs*, ) | |
| *-v.-* ) | **PLAINTIFFS' RESPONSE TO** |
| COUNCIL ON AMERICAN-ISLAMIC ) | **DEFENDANTS' NOTICE OF** |
| RELATIONS ACTION NETWORK, INC., et al. ) | **SUPPLEMENTAL AUTHORITY** |
| ) | |
| *Defendants*. ) | |

Plaintiffs hereby respond to the CAIR Defendants' Notice of Supplemental Authority.

Plaintiffs have no objection to such notice per se but fail to understand how the ruling in *Ashcroft v. Iqbal*, 556 U.S. ___ , 2009 WL 1361536 (May 18, 2009) adds to the discussion since this decision is a clarification of the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) in light of the Second Circuit's holding. Nonetheless, Plaintiffs most certainly agree *Twombly* and now *Iqbal* are controlling law.

The only discernible points Plaintiffs understand to be relevant in *Iqbal* is the reiteration by the Court that (1) threadbare legal conclusions do not deserve the presumption of truth and (2) a legal claim requiring a factual inference from the direct or circumstantial facts must present a ***plausible*** claim and that this assessment is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 14-15.

In the Opposition to the CAIR Defendants' Motion to Dismiss, Plaintiffs carefully demonstrated that the Complaint alleges specific facts establishing that once Defendant Iqbal, and later the other RICO Defendants learned of the Morris Days scheme, they acquiesced in

and joined the scheme to further its original and essential goals of concealment. In other words, the facts allege specific instances where each of the named Defendants engaged in acts (also via mail and wire fraud) which specifically misled their client-victims, including the Plaintiffs, of the salient material facts: (i) that Days was not a lawyer; (ii) that Days charged fees fraudulently; and (iii) that neither Days nor CAIR had provided the legal services as Days and CAIR had represented. More, this joint scheme arose directly out of Days' relationship and activity as a CAIR employee-agent.

Finally, there are specific facts alleging that the Defendants did so in a coordinated fashion with Days. This is why the CAIR Defendants never informed the plaintiffs that Days was not a lawyer or that he was not handling their legal matters, even though they had a duty to do so. In fact, CAIR officials acting on behalf of the RICO Defendants instructed three of the Plaintiffs to turn to Days for continuing legal assistance even after CAIR had terminated Days' employment. The Complaint also alleges facts allowing the reasonable inference that Days and the RICO Defendants continued the common conspiracy long after his termination. (See, specifically, Plaintiffs' Response to Motion at 12-14.)

Plaintiffs' specific factual allegations present at the very least a plausible context for their legal claims, if not a probable one.

Dated this 2nd day of February 2009.    Respectfully submitted,

By:    /s/ David Yerushalmi
        David Yerushalmi
        District of Columbia Bar No. 978179
        LAW OFFICES OF DAVID YERUSHALMI
        P.O.B. 6358
        Chandler, Arizona 85246
        david.yerushalmi@verizon.net
        Tel: (646) 262-0500
        Fax: (801) 760-3901
        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of May, a true and correct copy of the

foregoing was served via ECF upon all counsel of record.


_____/s/ David Yerushalmi_____

David Yerushalmi