# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 09-7129

RENE ARTURO LOPEZ, ET AL.,
APPELLANTS

V.

COUNCIL ON AMERICAN-ISLAMIC RELATIONS
ACTION NETWORK, INC., ET AL.,
APPELLEES

## September Term, 2009
FILED ON: JUNE 8, 2010



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUN - 8 2010

CLERK

Appeal from the United States District Court
for the District of Columbia
(No. 08-cv-1989)

**MANDATE**

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: 7 / 16 / 10

BY:

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Before: SENTELLE, *CHIEF JUDGE*, Brown, *Circuit Judge*, and RandDipf, *Senior Circuit Judge*.

## <u>J U D G M E N T</u>

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

In June 2006 Morris Days was hired by appellee Council on American-Islamic Relations Actions Network, Inc. ("CAIR") as an attorney to represent Muslim clients on various legal issues. In November 2007 CAIR learned that, contrary to CAIR policy, Days had been collecting legal fees from some of these clients. In February 2008 Days, who was not authorized to practice law, was terminated by CAIR. The appellants (the plaintiffs below), consisting of several clients alleging damages incurred by Days' fraudulent representation of them, subsequently filed a Complaint in the district court alleging, *inter alia*, that the appellees (defendants below) conspired to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). The district court dismissed the Complaint pursuant to Rule 12(b)(1) of the Federal

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By:_____Deputy Clerk

Rules of Civil Procedure, determining that the plaintiffs did not have standing to bring a RICO claim. In particular, the district court concluded that the plaintiffs' Complaint did not allege a conspiracy to violate RICO but rather alleged damages resulting from Days' fraudulent actions and separately alleged a conspiracy to cover-up the alleged fraud.

The plaintiffs now appeal, arguing that, contrary to the conclusion of the district court, their Complaint alleges a single conspiracy beginning at the time Days was hired and which proximately caused them to suffer multiple RICO damages. We disagree. A reading of the Complaint reveals no allegation of a conspiracy to commit a RICO violation by which the appellants were harmed, and neither the arguments made in appellants' briefs nor the arguments made by appellants' counsel at oral argument persuades us that appellants' Complaint even approaches making out such a conspiracy.

We will therefore not disturb the judgment of the district court.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See Fed R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/

Michael C. McGrail
Deputy Clerk